JS-6

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 15-00745-VAP (DTBx)                              Date:  April 30, 2015

Title:   DEUTSCHE BANK NATIONAL TRUST COMPANY, etc. -v- DEBORAH ROQUEMORE, et al.
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                                    None Present
    Courtroom Deputy                                              Court Reporter

ATTORNEYS PRESENT FOR                         ATTORNEYS PRESENT FOR
PLAINTIFFS:                                               DEFENDANTS:

    None                                                                      None

PROCEEDINGS:       MINUTE ORDER (1) VACATING JUNE 15, 2015 SCHEDULING CONFERENCE AND (2) REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

    On July 24, Plaintiff Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust 2006-14, Mortgage Loan Pass-Through Certificates Series 20016-14 ("Deutsche Bank") filed a Complaint in the California Superior Court for the County of Riverside for Unlawful Detainer against Defendants Deborah Roquemore and Rick Roquemore ("the Roquemores"), in case number TEC 1401695.  (<u>See</u> Ex. A to Not. of Removal (Doc. No. 1).)   On April 16, 2015, the Roquemores, appearing <u>pro se</u>, removed the action to this Court on the basis of federal question jurisdiction, asserting that Deutsche Bank violated the Protecting

EDCV 15-00745-VAP (DTBx)
DEUTSCHE BANK NATIONAL TRUST COMPANY, et al. v. DEBORAH ROQUEMORE, et al.
MINUTE ORDER of April 30, 2015

Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (See Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of Riverside.

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    The Roquemores argue that Deutsche Bank's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201."  (Not. of Removal at 3.)  Specifically, the Roquemores contend that Deutsche Bank violated the PTFA by filing a state eviction proceeding before allowing 90 days to lapse.  (Id.)  Accordingly, the Roquemores contend that Deutsche Bank's violation of federal law confers this Court with federal question jurisdiction.

    Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  From the face of the Complaint, however, Deutsche Bank's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Furthermore, as the Ninth Circuit has recently held, the PTFA "does not create a private right of action." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013).  In other words, Deutsche Bank is barred from suing the Roquemores under the PTFA.  Thus, the

**EDCV 15-00745-VAP (DTBx)**
**DEUTSCHE BANK NATIONAL TRUST COMPANY, et al. v. DEBORAH ROQUEMORE, et al.**
**MINUTE ORDER of April 30, 2015**

argument that Deutsche Bank has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit. As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action. See Cooper v. Washington Mut. Bank, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

Additionally, the Court notes that this is the third time that the Roquemores have removed this action to the district court. On October 28, 2014, the Roquemores removed this action in case number 5:14-cv-02209-VAP-DTBx. This Court remanded on November 12, 2014, on the same grounds as discussed above. Deutsche Bank National Trust Company v. Deborah Roquemore, et al., 5:14-cv-02209-VAP-DTBx (C.D. Cal. Oct. 28, 2014) (Doc. No. 11).

The Roquemores removed this action again on February 4, 2015, in case number 5:15-cv-00206-JGB-SPx. The case was sua sponte remanded two days later on February 6, 2015. In the order remanding, Judge Bernal noted that "the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court." Deutsche Bank National Trust Company v. Deborah Roquemore, et al., 5:15-cv-00206-JGB-SPx (C.D. Cal. Feb. 6, 2015) (Doc. No. 6).

The Court cautions Defendants that future attempts to remove this action may be grounds for monetary sanctions or a finding that they are vexatious litigants, or both.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**